IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3018-FL

| | | |
|---|---|---|
| RICHARD PRIDGEN,<br><br>Plaintiff,<br><br>v.<br><br>NURSE ERIN NANCE, MICHELLE SHUGART-HUSTON, CAPTAIN JIMMY DORMAN, and JOEMANN DURGAN,<br><br>Defendants.[1] | ) | ORDER |

This matter is before the court on defendants' motion for summary judgment (DE 44) pursuant to Federal Rule of Civil Procedure 56. Plaintiff responded in opposition and in this posture the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint January 19, 2023, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant Jimmy Dorman ("Dorman") used excessive force while placing him in restraints, and that the remaining defendants refused to transport him to a medical appointment, all in violation of the Eighth Amendment to the United States Constitution. Defendants, sued in their individual capacities, are Jimmy Dorman ("Dorman"), nurse Erin Nance ("Nance"), Michelle

[1] The court dismissed the claims against formerly named defendants warden Cathy Judge, associate warden Tyrell Griggs, S. Eddings, T. Barnwell, lieutenant Scott, lieutenant Palaez, lieutenant Filgrove, sergeant Hudson, correctional officer Davis, Rebecca Martinez, and Nurse Berry by separate order entered August 29, 2023.

Shugart-Huston ("Shugart-Huston"), and Joemann Durgan ("Durgan"). As relief, plaintiff seeks compensatory and punitive damages, and various forms for injunctive relief.

Following a period of discovery, and in accordance with the case management order, defendants filed the instant motion for summary judgment. Defendants argue that the undisputed record evidence shows they did not violate plaintiff's constitutional rights, and they alternatively raise the affirmative defense of qualified immunity. In support, defendants rely upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) their personal declarations; 2) plaintiff's medical duty status form dated September 27, 2022; 4) incident report and plaintiff's related grievances; and 5) North Carolina Department of Adult Correction policy regarding transporting inmates.

Plaintiff responded in opposition to the motion, relying upon memorandum of law, opposing statement of facts, and appendix of exhibits comprising the following: 1) plaintiff's administrative grievances and responses thereto; 2) plaintiff's personal affidavits and declaration; 3) pertinent medical records; 4) correspondence between plaintiff and various prison officials; 5) plaintiff's mental health symptom log; 6) plaintiff's disciplinary records; 7) witness lists; and 8) affidavits of third-party witnesses Brandon Yarbough, Rico Moses, and Teddy Randle.[2]

**STATEMENT OF FACTS**

The court recounts the facts in the light most favorable to plaintiff. As noted above, plaintiff alleges excessive use of force claim against defendant Dorman, and deliberate indifference to serious medical needs claim against the remaining defendants. Plaintiff was

---

[2] Although referenced in plaintiff's appendix (DE 54-3 at 147), the actual affidavits were filed at docket entry 31-1.

housed at the Harnett Correctional Institution ("HCI") during both incidents. (Pl's App. Ex. 1 (DE 54-3) at 1, 29; Dorman Decl. (DE 46-1) at 1; Durgan Decl. (DE 46-2) at 1).[3]

Turning first to the excessive force claim, plaintiff recounts the following in administrative grievances filed at HCI.[4] On or about October 24, 2022,[5] defendant Dorman was blocking one of the lines for inmates to access the dining hall because it was closed. (Pl's App. Ex. 1 (DE 54-3) at 4–5; Dorman Decl. (DE 46-1) at 4). Plaintiff "excused" himself and attempted to walk past defendant Dorman, making physical contact as he attempted to squeeze by him. (Pl's App. Ex. 1 (DE 54-3) at 5; Dorman Decl. (DE 46-1) at 4). When confronted about this behavior, plaintiff responded by calling defendant Dorman a "b****." (Dorman Decl. (DE 46-1) at 4–5). According to plaintiff, defendant Dorman also made a false accusation that plaintiff threatened him. (Pl's App. Ex. 1 (DE 54-3) at 6).

In any event, defendant Dorman informed plaintiff that he would be placed in restraints and escorted to a holding cell. (Pl's App. Ex. 1 (DE 54-3) at 6; Dorman Decl. (DE 46-1) at 5). Plaintiff responded that he had a medical duty status form requiring soft restraints secured in the front of plaintiff's body. (Pl's App. Ex. 1 (DE 54-3) at 6). Defendant Dorman, however, stated

---

3 Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

4 Notably, defendants' appendix includes an incident report in which plaintiff offers a somewhat differing account of the use of force. (DE 46-6 at 6–13). But plaintiff did not file this document in his appendix or ask the court to rely on same when evaluating the alleged excessive use of force. (See Pl's Mem. (DE 54-2); Pl's. Stmt. (DE 54-4)). The court therefore recounts the facts as presented by plaintiff in his own exhibits, as supplemented where necessary by defendant Dorman's declaration. See Erwin v. United States, 591 F.3d 313, 325 n.7 (4th Cir. 2010) ("[I]t is well established that a genuine issue of fact is not created where the only issue of fact is to determine which of the two conflicting versions of a party's testimony is correct."). Plaintiff also did not submit affidavit or declaration recounting the use of force incident.

5 Documentation in the record indicates the incident may have occurred October 25, 2022. (Incident Report (DE 46-6) at 14).

"f*** your [medical duty status form]" and proceeded to cuff plaintiff with his hands behind his back, squeeze his arms together and bend his wrists, which caused significant pain. (Pl's App. Ex. 1 (DE 54-3) at 6, 20). Plaintiff also was pushed up against a fence while the restraints were applied. (Id. at 20). While escorting plaintiff to the holding cell shortly after the incident, defendant Dorman removed the restraints and allowed plaintiff to proceed the rest of the way unrestrained. (Dorman Decl. (DE 54-3) at 5).

On December 29, 2022, plaintiff was scheduled to be transported to an outside medical appointment to address his foot conditions. (Pl's First Aff. (DE 54-3) at 30; Pl's Second Aff. (DE 55) at 2–3; Durgan Decl. (DE 46-2) at 2–3).[6] Defendant Durgan, however, told plaintiff that he "hates Northerners" and therefore refused to transfer him to the medical appointment. (Pl's Second Aff. (DE 55) at 3).

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must

---

[6] Plaintiff filed three separate affidavits at docket entries 54-3 (pg. 30), docket entry 55, and docket entry 55-1. The affidavit at docket entry 55-1 is irrelevant to the claims asserted in this case and the court does not address it further. References herein to "Pl's First Aff." correspond to the filing on page 30 of docket entry 54-3, and "Pl's Second Aff." refers to the filing at docket entry 55 (the base document).

then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[7]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable

---

7 Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

2. Analysis

The court begins with plaintiff's argument that the court should order defendants to produce video evidence showing the alleged excessive use of force incident. (See Pl's Decl. (DE 54-3) at 149–51). This argument, in effect, is a request to deny or defer ruling on the pending motion for summary judgment pending further discovery under Federal Rule of Civil Procedure 56(d).

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion [for summary judgment] or deny it." Fed. R. Civ. P. 56(d)(1). "Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014).

Here, plaintiff was afforded ample opportunity to conduct discovery. The court provided plaintiff with over five months to do so, from January 11 through June 11, 2024, and he never alerted the court that he was having difficulty obtaining the video evidence during this period or in the intervening period after discovery closed but before defendants filed the instant motion for summary judgment. (See Initial Scheduling Order (DE 21); Case Management Order (DE 22)). Accordingly, plaintiff's implicit request for relief under Rule 56(d) is denied.

Turning to the merits, plaintiff's excessive force claim is analyzed under the Eighth Amendment, which prohibits the "unnecessary and wanton infliction of pain" which constitutes

cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986). The excessive force inquiry has an objective prong and a subjective prong. Under the objective prong, the inmate must establish that the forced used was "nontrivial." Wilkins v. Gaddy, 559 U.S. 34, 39 (2010) (per curiam). Here, the court will assume without deciding that the use of force was nontrivial.

To satisfy the subjective prong, the inmate must show a prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991). In an excessive force case, "the state of mind required is wantonness in the infliction of pain." Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). The relevant inquiry for the subjective prong is whether the force was applied "in a good faith effort to maintain or restore discipline," or "maliciously" and "for the very purpose of causing harm." Whitley, 475 U.S. at 320-21; Brooks, 924 F.3d at 113. The "question is not whether a reasonable officer could have used force to maintain discipline, but whether these particular officers did use force for that reason." Brooks, 924 F.3d at 113.

In analyzing the subjective prong, the court considers four factors "from which . . . inferences may be drawn as to the officers' motives." Id. at 116. These factors are: "(1) 'the need for application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) 'any efforts made to temper the severity of a forceful response.'" Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008) (quoting Whitley, 475 U.S. at 321).

Applying these factors, the court concludes defendant Dorman applied force in a good faith effort to maintain and restore discipline. The only use of force at issue is defendant Dorman

placing plaintiff in handcuffs, squeezing his arms together, and bending plaintiff's wrists in a manner that was painful. (See Pl's App. Ex. 1 (DE 54-3) at 6, 20). Plaintiff fails to offer any further details regarding this incident, such as precisely how long his wrists were bent or his arms were squeezed, but the context of the grievance suggests that these actions were taken simultaneously with the process of placing plaintiff in restraints. (See id.).

The need for application of force and the perceived threat that the application of force was intended to quell weigh in defendant Dorman's favor. Plaintiff attempted to use a closed line for the dining hall, made physical contact with defendant Dorman as he attempted to walk past him, and then used an expletive to refer to defendant Dorman in the presence of numerous other inmates. (Dorman Decl. (DE 46-1) at 4–5; Pl's App. Ex. (DE 54-3) at 4). Importantly, plaintiff does not offer any competent summary judgment evidence disputing these aspects of defendant Dorman's account. In these circumstances, placing plaintiff in restraints was necessary to maintain order and restore discipline. See Whitley, 475 U.S. at 320—21; Brooks, 924 F.3d at 113 ("Corrections officers act in a good faith effort to maintain or restore discipline . . . not only when they confront immediate risks to physical safety, but also when they attempt to preserve internal order by compelling compliance with prison rules and procedures.").

Turning next to the relationship between the amount of force used and need for application of force, this factor also weighs in defendant Dorman's favor. (See Pl's App. Ex. 1 (DE 54-3) at 6, 20). Defendant Dorman did not use pepper spray, tase plaintiff, take plaintiff to the floor, or even strike plaintiff in any manner. While the court understands that plaintiff suffered pain due to his medical conditions when he was restrained, this limited use of force was proportionate in light of plaintiff's rule-breaking behavior. See Brooks, 924 F.3d at 114.

As to the fourth factor, while defendant Dorman did not immediately temper the severity of the forceful response, he removed the restraints as plaintiff was walking to the holding cell. (Dorman Decl. (DE 46-1) at 5).[8] Thus, even assuming this factor weighs somewhat in plaintiff's favor given that he requested to be cuffed in front, this does not change the outcome of the analysis.

Finally, while not dispositive, the court notes that plaintiff's lack of significant injury also may be considered. See Wilkins, 559 U.S. at 37 ("The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation."); see also Williams v. Benjamin, 77 F.3d 756, 762 (4th Cir. 1996). Here, plaintiff fails to offer specific evidence indicating he suffered any injury related to the use of force.

Plaintiff emphasizes that defendant Dorman stated "f***" your medical duty status form requiring cuffs in front, and that he falsely accused plaintiff of threatening him during the incident. (Pl's App. Ex. 1 (DE 54-3) at 5–6). But even if these statements provide circumstantial evidence of an impermissible motive, they must be evaluated in context. See Dean v. Jones, 984 F.3d 295, 308–09 (4th Cir. 2021) (concluding statements that suggested impermissible motive should be considered by the district court but noting the analysis must account for the totality of the circumstances). That context includes the undisputed facts that the only use of force was placing plaintiff in handcuffs, squeezing his arms and bending his wrists while doing so, all in response to plaintiff's rule-breaking behavior in front of other inmates, that he did not suffer any significant injury, and that defendant Dorman removed the restraints shortly thereafter. (See Pl's App. Ex. 1 (DE 54-3) at 5–6; Dorman Decl. (DE 46-1) at 4–5). Notwithstanding the unprofessional comments, the totality of the evidence here does not create a genuine issue of material fact on the

---

8 Again, plaintiff offers no evidence disputing defendant Dorman's account that he removed the restraints in response to plaintiff "act[ing] as though he could not walk with the restraints on." (Dorman Decl. (DE 46-1) at 5).

subjective prong.

Upon consideration of the entire record against the Whitley factors and the governing legal standard under the Eighth Amendment, the court finds no reasonable jury would find defendant Dorman acted maliciously and for the very purpose of causing harm. Accordingly, defendant Dorman is entitled to summary judgment as to the excessive force claim.

Turning to plaintiff's claim that defendants Durgan, Nance, and Shugart-Huston were deliberately indifferent to his serious medical needs when they refused to transport him to his outside medical appointment, plaintiff fails to establish a genuine dispute of material fact as to this claim as well. Under the Eighth Amendment, prison officials' "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). The inmate must demonstrate both a serious medical need, and that prison officials were deliberately indifferent to that need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The first prong is objective – the prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241.

The deliberate indifference standard requires "that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer v. Brennan, 511 U.S. 825, 837 (1994). An inmate therefore must demonstrate the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Jackson, 775

F.3d at 178.

Here, while plaintiff alleges defendant Durgan made offensive and derogatory comments when he refused to transfer plaintiff to the outside medical appointment, that evidence does not establish that he was aware of and disregarded any serious medical condition. (See Pl's First Aff. (DE 54-3) at 30). And plaintiff offers no evidence suggesting defendants Nance or Shugart-Huston were deliberately indifferent. Accordingly, defendants Durgan, Nance, and Shugart-Huston's motion for summary judgment is granted.

Finally, plaintiff's appendix includes numerous documents with no discernible connection to the claims in plaintiff's complaint. (See, e.g., Pl's App. (DE 54-3) at 95–142). "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013). Accordingly, the court addresses herein only the remaining claims in this action. (See Compl. (DE 1); Aug. 29, 2023, order (DE 9)). To the extent plaintiff seeks redress for new alleged misconduct occurring after he filed the complaint in this case, then he will need to pursue such claims in a new civil rights action.

**CONCLUSION**

Based on the foregoing, defendants' motion for summary judgment (DE 44) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of September, 2025.

LOUISE W. FLANAGAN
United States District Judge